JIM ESTILL V. THE STATE.

No. 1594.  Decided October 27, 1897.

38  255
38  349

**Perjury—Evidence—Record in Former Case—Charge.**

Whenever, on the trial for perjury assigned upon testimony given on the trial of another case, the record, including the indictment and judgment in such former case, is introduced in evidence, the court should, in its charge, so limit and restrict the purpose for which said record was admitted in evidence as that the jury might not use it as a circumstance tending to establish the guilt of defendant of the perjury for which he is on trial.

APPEAL from the District Court of Bee.  Tried below before Hon. JAMES C. WILSON.

Appeal from a conviction for perjury; penalty, five years imprisonment in the penitentiary.

No statement required.

[No briefs on file for appellant.]

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of perjury, and appeals.

The assignments of perjury are predicated upon the testimony of appellant in a case in the County Court of Bee County wherein he was charged with the theft of a silver dollar.  On the trial of that case he testified that he did not take said dollar, and that he was not at the house of Amanda Palmer on the day the dollar was taken.  The dollar, if taken by appellant, was taken from said house.  These statements of appellant were assigned as perjury.  Among other things transpiring on the trial, the State introduced in evidence the record of the County Court, which includes the indictment and the judgment of conviction. The court failed to limit the effect of this testimony, and did not restrict it to the specific purpose for which it was introduced.  Having permitted the testimony to go before the jury, he should have charged them as to the purpose and object of its introduction.  This character of testimony can under no state of case be admitted to prove the main fact in case of perjury, or to corroborate a witness who swears to the fact constituting the perjury.  The purpose of this character of testimony is merely to show that the trial was had, and the judicial proceedings attending the same; and in a case of this character, where the perjury is predicated on a former trial of a defendant in a criminal case, in which he testified as a witness on his own behalf, the introduction of a judgment showing his conviction might be used by the jury, not familiar or conversant with the rules of law regarding testimony, as corroborative of the witnesses who may have testified that the testimony given by the defendant was false.  They might believe, because a jury in a former case had treated

it as false, that that was a circumstance which might be considered by them against the defendant. At any rate, the bare possibility that the jury might consider such testimony for other than the sole purpose for which it was admissible rendered it obligatory upon the court to limit its use by the jury; and for the failure of the court to do this, the judgment is reversed and the cause remanded.

*Reversed and remanded.*