# Parker v. The State.

*Assault With Intent to Rape.*

(Decided Nov. 28th, 1911.   Rehearing Denied Dec. 16th, 1911.   56 South. 872.)

1. *Criminal Law; Prosecution; Commencement; Limitation.*— An assault to rape is one of the offenses covered by Sec. 7346 Code 1907, and prosecutions therefor must be commenced within three years; and where it appears that the indictment was found more than three years after the commission of the offense, and the indictment appears to have been the commencement of the prosecu-

[Parker v. The State.]

tion, a conviction therefor will be reversed on appeal, it affirmatively appearing from the record that the crime was barred by limitations.

2. *Same; Illegal Indictment.*—An indictment found at a term of the court held at a time not authorized by law, or at an illegal term, is void, and cannot be said to be the commencement of a prosecution.

3. *Limitations; Plea.*—While it is not necessary, under the code pleading, for an indictment to allege the time when the offense was committed, it contains, in ·legal contemplation, an averment that the offense was committed within the time of the statute of limitations; and hence a defendant in a criminal case is not required to file a plea of the statute of limitations. If the evidence fails to disclose that the offense was committed within the statute, the state fails to make out its case.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Jim Parker was convicted of assault with intent to rape, and he appeals. Reversed and remanded.

J. O. MIDDLETON, for appellant. Under the proof the offense was committed more than three years before the commencement of the prosecution, and as the offense was governed by Sec. 7346, Code 1907, the defendant was entitled to the affirmative charge, as requested.

ROBERT C. BRICKELL, Attorney General, and WILLIAM L. MARTIN, Assistant Attorney General, for the State. The judgment shows that the indictment first quashed was found at an illegal term of the court, and the defendant held to await the action which resulted in the present indictment, hence the prosecution was commenced within the period of the statute. In any event the defendant did not interpose the plea of the statute of limitations.

DE GRAFFENRIED, J.—Jim Parker was indicted at the spring term, 1910, of the circuit court of Chilton county for the offense of assault with intent to rape.

[Parker v. The State.]

He was regularly tried by a jury, was convicted, and was, by the judgment of the court, sentenced to the penitentiary. This appeal is prosecuted for the purpose of reversing that judgment.

The undisputed evidence shows that the offense for which the defendant was indicted was committed *more* than three years before the finding of the indictment. The finding of the indictment appears to have been the *commencement* of the prosecution. The record therefore affirmatively shows that the prosecution was commenced more than three years after the commission of the alleged offense, if it was committed. This offense is one of the felonies covered by section 7346 of the Code of 1907, which provides that: "The prosecution of all felonies, except those provided in the preceding sections, *must* be commenced within three years next after the commission of the offense."

At common law it was necessary to allege in an indictment the time when the offense was committed; and, while our Code has dispensed with that requirement of the common law, nevertheless an indictment for a felony, for which our statutes provide a certain fixed period within which a prosecution must be commenced, in legal contemplation, contains an allegation that the offense was committed within that period. In a prosecution for assault with intent to rape, the indictment, in legal contemplation, contains an averment that the offense was committed within three years before the finding of the indictment. It is therefore not necessary for the defendant in a criminal case to specially plead the statute of limitations. If the evidence fails to disclose that the offense was committed within the period which the law provides for the commencement of the prosecution, the case against him falls to

9 CA

the ground, and he is entitled to his discharge.—
Clarke's Manual, § 2180; *Lyon v. State*, 61 Ala. 224.

The defendant therefore was entitled to the general
affirmative charge, which he requested the court in writ-
ing to give to the jury in his behalf.

Reversed and remanded.

## On Application for Rehearing.

A motion is made on behalf of the state to this court
to set aside the judgment heretofore rendered by it in
this cause, and restore the cause to the docket, in order
that a correct copy of the judgment entry of the court
below, of date November 30, 1909, may be obtained and
made a part of this record.

The application shows that on November 30, 1909, the
court below made the following order in the case of the
State of Alabama v. Jim Parker: "On motion of solic-
itor, the indictment in this cause is hereby quashed, on
the ground that it was found at an illegal term of the
court, and it is ordered that the defendant be held for
an assault with intent to rape," etc.  In other words,
the state undertakes, by this application, to so amend
the record as to show that, prior to the finding of the
indictment upon which the appellant was convicted, an
alleged indictment was found against him at an illegal
term of the circuit court of Chilton county, and that,
at a subsequent legal term, the said alleged indictment
so found at such illegal term was quashed, and that the
defendant was ordered to be held to answer another in-
dictment.

All proceedings had in an illegal court, or at an ille-
gal term of a court, are absolutely void and of no effect.
If an alleged indictment was found against Jim Parker
at an illegal term of the circuit court of Chilton county

it was-no indictment. Such alleged indictment gave
the court no element of jurisdiction, either over the sub-
ject-matter of the offense or over the said Jim Parker.
It created no case against Jim Parker, and was the com-
mencement of no prosecution against him, and conferr-
ed no authority upon the clerk of that court to place
the case upon the docket.—*Jackson v. State*, 102 Ala.
76, 15 South. 351; *Wightman v. Karsner*, 20 Ala. 446.
"All orders made at illegal terms of a court are coram
non judice, and void. They may be inquired into and
impeached in all other courts before which such orders
are brought and relied upon by a party claiming a right
or benefit under them."—*Ex parte Branch*, 63 Ala. 383;
*Wightman v. Karsner, supra.*

It follows from what we have above said that the ac-
tion of the court in quashing the alleged indictment and
in making an order that the deefndant be held to an-
swer another indictment did not interrupt the opera-
tion of the statute of limitations, as provided under
section 7160 of the Code. It is therefore apparent that
no good cause is shown for the granting of this appli-
cation, and the application is therefore overruled.

Application overruled.