(74 South. 864)

JORDAN v. STATE. (4 Div. 482.)

(Court of Appeals of Alabama. April 3, 1917.)

1. PERJURY ⊚⟾32(3, 4)—EVIDENCE.

In a prosecution for perjury, the record of the indictment and the judgment of the law and equity court in a murder case in which the perjury was alleged to have occurred were properly admitted in evidence, the indictment to show that the court had jurisdiction, and the judgment to show the trial.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §§ 110, 111.]

2. CRIMINAL LAW ⊚⟾695(4)—OBJECTIONS TO EVIDENCE—SCOPE.

In a prosecution for perjury, where the objection to the admission in evidence of the record of the indictment in the case in which the perjury was alleged to have been committed was general, no grounds being stated, the question of the identity of the record was not presented.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1636.]

3. JUDGMENT ⊚⟾279—MINUTE ENTRY—STATUTE—"FINAL RECORD."

Under Code 1907, § 5733, providing that the orders, judgments, and decrees entered upon the minutes are parts of the record, and need not be copied into the final record, the minute entry, showing a judgment, constitutes the final record of the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 546–551.

For other definitions, see Words and Phrases, Final Record.]

4. CRIMINAL LAW ⊚⟾673(2)—TRIAL—EVIDENCE—LIMITATION TO PARTICULAR PURPOSE—NECESSITY.

In a prosecution for perjury by having sworn falsely in a murder case, the judgment in such case being admitted in evidence only to show the trial of the case, and not as a circumstance tending to show that defendant swore falsely, the court should limit the use of such evidence to that purpose.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1874.]

5. CRIMINAL LAW ⊚⟾673(2)—LIMITATION OF EVIDENCE.

If the issues on a trial for perjury involve the same issues litigated on the trial in which the perjury is alleged to have been committed, any evidence admissible in the first trial is competent on the trial for perjury; but, where the indictment for perjury relates to a subordinate evidential matter, the issue should be limited to such matter, and the res gestæ of the fact involved in the issue.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1874.]

6. WITNESSES ⊚⟾379(8)—IMPEACHMENT.

In a prosecution for perjury alleged to have been committed on a murder trial, where a witness testified that defendant was not present at the killing, that deceased did not reach back to his hip pocket and draw a pistol and present it at the party charged with murder, contrary to the testimony on the murder trial of defendant charged with perjury, and that four or five shots were fired, it was the right of defendant charged with perjury to impeach the witness by showing he testified on the murder trial that only three shots were fired, the res gestæ of the fact under investigation.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1252, 1252, 1256.]

7. WITNESSES ⊚⟾330(1)—CROSS-EXAMINATION—RELEVANT MATTER.

In such prosecution for perjury, the court erred in sustaining the solicitor's objection to a question to another witness on cross-examination, eliciting evidence as to whether or not he ran away from the place of the difficulty when the shooting began, the fact having some tendency to affect the probative force of his testimony; for, while the scope of cross-examination as to irrelevant matters to test the accuracy and credibility of testimony is a matter within the discretion of the trial court, such discretion does not extend to relevant facts, and to deny defendant the right to cross-examine as to such facts is reversible error.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1106.]

8. PERJURY ⊚⟾32(8)—EVIDENCE.

In a prosecution for perjury alleged to have been committed on a murder trial, book entries made by a witness, and the fact that defendant drew a full day's pay for the day of the killing, were admissible as having a tendency to show defendant was not present on the occasion of the shooting, which he testified that he witnessed.

[Ed. Note.—For other cases, see Perjury, Cent. Dig. §.115.]

Appeal from Circuit Court, Covington County; A. B. Foster, Judge.

Pink Jordan was convicted of perjury, and he appeals. Reversed and remanded.

The perjury is alleged to have occurred in the trial of State v. Mitchell Wells, for killing one B. Sager, and the perjury alleged is that witness falsely swore on that trial; that B. Sager drew a nickel-plated weapon, a pistol, and pointed it at Wells just prior to the shooting of Sager by Wells. The other facts sufficiently appear.

Baldwin & Murphy, of Andalusia, for appellant. W. L. Martin, Atty. Gen., and Harwell G. Davis, Asst. Atty. Gen., for the State.

BROWN, P. J. [1] The record of the indictment and judgment of the law and equity court in the case of State v. Mitchell Wells was properly admitted in evidence, the indictment for the purpose of showing that that court had jurisdiction to try Mitchell Wells, and the judgment for the purpose of showing the trial. Williams v. State, 68 Ala. 551; Smith v. State, 103 Ala. 69, 15 South. 866.

[2] The bill of exceptions states that the record of the indictment was offered in evidence, and the objection to the admission of this evidence was a general objection, no grounds being stated; and the question of the identity of the record is not presented. Stevenson v. Moody, 85 Ala. 33, 4 South. 595.

[3] The minute entry showing the judgment constitutes the final record of the judgment. Code 1907, § 5733.

[4] As this case must be reversed on another ground, we think it proper to suggest that the court should so limit the effect of the evidence afforded by the judgment to the

⊚⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

purpose of showing the trial of the case of State v. Mitchell Wells, and that it should not be considered as a circumstance tending to show that the defendant swore falsely on that trial. Estill v. State, 38 Tex. Cr. R. 255, 42 S. W. 305.

[5] If the issues on the trial for perjury involve the same issues that were litigated in the trial in which the perjury is alleged to have been committed, any evidence that was admissible in the first trial would be competent on the trial for perjury. Reg. v. Harris, 9 Cox C. C. 503; 30 Cyc. 1443, sub. 2. Where, however, the indictment for perjury relates to a subordinate evidential matter, the issue should be limited to this matter and the res gestæ of the fact involved in the issue. Chitwood v. U. S., 101 C. C. A. 342, 178 Fed. 442.

The defendant is charged with having falsely sworn that Sager "reached with his right hand to his hip pocket and pulled therefrom a nickel-plated gun and presented it at the said Mitchell Wells just before the said Mitchell Wells fired the shot that killed" Sager. The state's witness Clements testified on the trial of this case, that the defendant was not present on the occasion of the killing of Sager by Wells, that witness saw the difficulty, and that Sager did not reach back to his hip pocket and draw from it a pistol and present it at Wells; that four or five shots were fired, but the evidence does not show which of these shots took effect.

[6] It was the defendant's right to impeach the witness by showing he testified on the trial of Wells that only three shots were fired on the occasion. This was of the res gestæ of the fact under investigation, the drawing of a pistol by Sager.

[7] The court also erred in sustaining the solicitor's objection to the question to the witness Collins on cross-examination, eliciting evidence as to whether or not the witness ran away from the place of the difficulty when the shooting began. If the witness was frightened or excited by the occurrence to such extent that he ran away from the place of the difficulty, this had some tendency to affect the probative force of his testimony. While the scope of the cross-examination of witnesses as to irrelevant matters for the purpose of testing the accuracy and credibility of testimony is a matter within the discretion of the trial court, such discretion does not extend to relevant facts, and to deny the defendant the right to cross-examine as to such facts is reversible error. Snell v. Roach, 150 Ala. 469, 43 South. 189.

[8] The book entries made by the witness Collins and the fact that defendant drew a full day's pay for the day of the alleged difficulty had a tendency to show that defendant was not present on the occasion of the shooting, and the ruling of the court as to these phases of the evidence was free from error. Shirley v. South. Ry. Co., 198 Ala. 102, 73 South. 430.

We find no other error in the record. Reversed and remanded.