(81 South. 840)

HALE et al. v. HELMS.	(7 Div. 560.)

(Court of Appeals of Alabama.	May 6, 1919.)

1. EXCEPTIONS, BILL OF &#8480;23—INSERTION OF DOCUMENTS—DEEDS.

Recital, in a bill of exceptions, that a deed had been offered in evidence, "which was in words and figures as follows:	[The clerk will here set out deed]" is not sufficiently definite to identify such deed, so as to make it a part of the bill of exceptions.

2. APPEAL AND ERROR &#8480;1040(15)—HARMLESS ERROR — OVERRULING DEMURRERS TO REPLICATION.

Error in overruling demurrers to plaintiff's replication to defendant's plea of set-off for rent of land against plaintiff's claim for wrongful attachment is harmless, there being no evidence of title or prior actual possession by defendant of the land occupied by plaintiff.

3. EVIDENCE &#8480;332(8) — JUDGMENT RECORD—MATTERS INCLUDED—MINUTE ENTRY—FINAL RECORD.

Since, under Code 1907, § 5733, a judgment entry in an attachment suit as made in the minutes of the court is a part of the final record in the cause, such minutes are admissible in an action for wrongfully suing out the attachment.

4. JUDGMENT &#8480;622(1)—MERGER AND BAR—SET-OFF.

Where, in an attachment suit, the plea of defendant, though designated as a "plea in abatement," was in effect a plea in bar to plaintiff's claim for rent, and the issues on such plea were determined against plaintiff, such judgment, if properly pleaded, would have been a good defense to a claim for rent interposed as a set-off in a subsequent suit on the attachment bonds.

**5. ATTACHMENT** ☞374 — **WRONGFUL ATTACHMENT—BURDEN OF PROOF.**

In a suit for wrongful and malicious attachment, elimination of the issues presented by defendant's plea of set-off does not relieve plaintiff of the burden of proof resting upon him to show that he was damaged by suing out of the attachment.

**6. WITNESSES** ☞268(1) — **CROSS-EXAMINATION OF PARTY — QUESTION ASKED—PAYMENT OF ATTORNEY'S FEES IN OTHER ACTION —ADMISSIBILITY.**

It was proper to ask plaintiff in a suit for wrongful attachment, on cross-examination, as to whether he paid attorney's fees in the attachment suit, in view of the evasiveness of his testimony on direct examination.

**7. APPEAL AND ERROR** ☞260(3)—**RECORD— EXCEPTIONS — RULINGS AS TO EVIDENCE — NECESSITY.**

If a question asked plaintiff on cross-examination, in a suit for wrongful attachment, as to whether he paid attorney's fees in the attachment suit was improper, error in that regard cannot be reviewed, where no exception was reserved to the court's ruling.

**8. NEW TRIAL** ☞70 — **GROUNDS — EVIDENCE.**

In an action for wrongful attachment, where plaintiff under the evidence was entitled to recover at least nominal damages, there being no ground in the motion for new trial questioning the excessiveness of recovery, such motion was properly overruled.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Action by Bale Helms against A. L. Hale and others for wrongful and malicious suing out of an attachment. Judgment for plaintiff, and defendants appeal. Affirmed.

The action was on an attachment bond made by A. L. Hale as the basis of an attachment against Bale Helms for rent; the suit being in the sum of $150. The defendant Hale offered as a plea the fact that at the time the action was commenced Helms was indebted to him for use and for occupation and for rent for the year 1916 for certain lands described in the plea, which he offers to set off against the claim or demand of the plaintiff, and claims judgment for the excess.

The replications set up the fact that Helms rented the land from P. J. Hale, who was then and there in possession of said land, that he had paid his rent in full to said P. J. Hale, and therefore does not owe the defendant anything.

The sixth assignment of error was the court erred in admitting the minute entry in the attachment suit of A. L. Hale against Bale Helms. In this minute entry is the following:

"On issue being joined on the defendant's plea and abatement, therefore came a jury, * * * who say, 'We, the jury, find the issue in favor of the defendant on his plea in abatement;' and it is therefore ordered and adjudged by the court that this cause be abated," etc.

The plaintiff was asked on cross-examination, "You did not pay any attorney's fees, did you?" and this is made the basis of the seventh assignment of error. The eighth assignment is that the court erred in sustaining objection to the following question to the plaintiff: "A. L. Hale demanded the rents of the place from you, did he not?"

Hugh Reed and Conner & Savage, all of Center, for appellants.

Motley & Motley and Hugh White, all of Gadsden, for appellee.

BROWN, P. J. [1] The appellant's motion to strike from the bill of exceptions the deed purporting to have been executed by W. J. Hale to the appellant A. L. Hale must be granted. On the submission of the case on the motion and the merits, the original bill of exceptions was offered as evidence in proof of the averments of the motion, and we find from an inspection of the original bill of exceptions that the deed was not attached to it as an exhibit, and the recital in the bill of exceptions as authority for incorporating this paper in the record is in these words:

"Defendant here offered in evidence a deed to the land on which the crop was grown, which was in words and figures as follows: [The clerk will here set out deed.]"

This description is not sufficient to exclude the possibility of mistake on the part of the transcribing officer in identifying the paper intended to be made a part of the bill of exceptions, and under repeated rulings of this court and the Supreme Court it was not thereby made a part of the bill of exceptions. Padgett v. Gulfport Fert. Co., 11 Ala. App. 366, 66 South. 866, and authorities there cited.

[2] The appellant's claim, upon which he relied to sustain his plea of set-off, was predicated solely upon the fact that he owned the land occupied by Helms in the year 1915, and, in the absence of evidence of title or prior actual possession by him, there is no proof to support his plea. Moreover, the record of the circuit court in the attachment suit of Hale v. Helms, offered in evidence, negatives the existence of such a claim in favor of the appellant. Therefore the rulings of the court on the demurrers to the plaintiff's replication, as well as the other rulings relating to the issues presented by this plea and the replication thereto, if error, were clearly without injury to appellant. Going v. Ala. Steel & Wire Co., 141 Ala. 537, 37 South. 784; Cross v. Esslinger, 133 Ala. 409, 32 South. 10. This disposes of all the assignments of error, except the sixth, seventh, and eighth.

[3] The sixth assignment relates to the ad-

mission of the judgment entry in the attachment suit as shown on the minutes as evidence in this case. The judgment entry, as made in the minutes, is by statute made a part of the final record in the cause, and is admissible in evidence as such. Jordan v. State, 16 Ala. App. 51, 74 South. 864; Code 1907, § 5733.

[4] The plea, which is designated here as a "plea in abatement," was in substance and effect a plea in bar to the claim presented by the complaint in the attachment suit, and the judgment entry of the court shows that the issues presented by this plea were tried and submitted to a jury, and determined against the plaintiff in that suit, the appellant A. L. Hale here, and, when considered in connection with the balance of the record in that case, not only tends to negative the existence of the claim of appellant Hale for use and occupation and for rent against appellee, but, if it had been properly ·pleaded, would have been a complete answer to the plea of set-off. Drinkerd v. Oden, 150 Ala. 475, 43 South. 578; Wood v. Wood, 134 Ala. 557, 33 South. 347; Tankersly v. Pittis, 71 Ala. 186; Glasser v. Meyrovitz, 119 Ala. 156, 24 South. 514. And therefore this evidence tended to show that the attachment was wrongful.

[5-7] The elimination of the issues presented by the plea of set-off in no way relieved the plaintiff of the burden of proof resting upon him to show that he was damaged by the suing out of the attachment. Schening v. Cofer, 97 Ala. 726, 12 South. 414. Therefore the question asked the plaintiff on cross-examination, made the basis of assignment of error 7, in view of the evasiveness of the testimony given by the witness on his direct examination, was proper and should have been permitted; but, in the absence of an exception reserved to this ruling of the court, nothing is presented here for review.

[8] While the testimony offered by the plaintiff to show that he incurred liability for attorney's fees as a result of the suing out of the attachment is very unsatisfactory, under the evidence in this case, the plaintiff was entitled to recover at least nominal damages, and there is no ground in the motion for new trial questioning the excessiveness of the recovery; therefore it was not error for the court to overrule the motion for a new trial.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.