(116 So. 507)
### GAMBLING v. STATE. (1 Div. 784.)
Court of Appeals of Alabama. April 18, 1928.

Joe M. Pelham, Jr., of Chatom, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J. ■ Appellant was convicted of the offense of "assault with intent to murder." The crime charged was shown to have been committed on July 4, 1920. The indictment upon which appellant was put to trial was found by the grand jury on March 4, 1926. Prosecutions for offenses of this nature must be begun within three years next after their commission, else they are barred. Code 1923, § 4930. And it is unnecessary for a defendant to file a special plea of the statute of limitations.

In this case it was shown that an affidavit was made before, and a warrant issued by, one Williamson, a justice of the peace, a few days after the commission of the offense named, charging this appellant with it. But it appears that this warrant was never executed, and that' appellant was arrested only a short while before the indictment was returned on a warrant issued by another justice of the peace, on another affidavit, made long after the bar of the statute above had become complete. No connection whatever is shown between the institution of this prosecution and that begun before Williamson. And this was essential in order to avoid the running of the statute. The appellant was entitled to have given at his request the general affirmative charge, in his favor, on the ground that it affirmatively appeared that the prosecution was barred by the statute of limitations of three years. This being the case, for the error in its refusal the judgment of conviction is reversed and one is here rendered discharging the appellant.

Reversed and rendered.