155 So. 389

## CALVERT v. STATE.
### 8 Div. 928.

Court of Appeals of Alabama.
June 12, 1934.

Bradshaw & Barnett, of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

These things seem clear:

■ 1. In a criminal case, a defendant is not required to file a special plea of the statute of limitations. Gambling v. State, 22 Ala. App., 442, 116 So. 507; Parker v. State, 2 Ala. App. 127, 56 So. 872.

■ 2. If the evidence fails to disclose that the offense was committed within the statute, the state fails to make out its case. Authorities supra.

3. And, of course, the burden rests upon the state to prove that the offense was committed within the statute, i. e. that the prosecution was not barred by the same. Nelson v State, 151 Ala. 2, 43 So. 966; authorities supra.

■ In the instant case, it was without dispute that the offense for which appellant was on trial was committed, if committed at all, in the month of September, 1928. The indictment under which he was tried was returned on March 10, 1933.

So, it was evident, nothing else appearing, that the statute of limitations of three years (Code 1923, § 4930) had barred the prosecution after the date of October 1, 1931, and, of course, before the date of the finding of the indictment under which he was put upon trial.

The state, realizing the above, undertook to discharge the burden resting upon it, by showing that Code 1923, § 4935, providing for the suspension of the running of the statute of limitations in certain cases, applied, and had been complied with, in the case.

This effort took the form of identifying and introducing in evidence, over the appellant's objection and exception, both the trial judge's "bench notes," and the minute entry, made in the trial of a case, perhaps sufficiently shown to be that of which the present was a continuation; and which were intended to show that an indictment had been found against appellant, for this same offense, within the period of the statute of limitations, then quashed, and appellant held to answer another, the present, indictment—all as provided in the Code section hereinabove cited.

■ But, "records of the proceedings, judgments, and decrees of courts of record of this state are required to be kept, and when the final records are made up as constituting the judgment roll, this becomes the best evidence of the proceedings." Salmon et al. v. Salmon, 13 Ala. App. 510, 69 So. 304, 305. And "the minute entry showing the judgment constitutes the final record of the judgment." Jordan v. State, 16 Ala. App. 51, 74 So. 864, 865; Code 1923, § 10126.

■ We might go further, and suggest that "the trial docket is not a record, and the memoranda (the judge's 'bench notes') entered

thereon by the judge operated only as a direction to the clerk as to what judgments and orders shall be entered on the court's records." Wynn et al. v. McCraney et al., 156 Ala. 630, 46 So. 854; De Bardeleben v. State, 16 Ala. App. 367, 77 So. 979.

So, obviously, the minute entry, properly made, and properly, as it was here, introduced in evidence, cannot be aided by any entries appearing among the "bench notes"— this, certainly, there being no ambiguity in said minute entry. 22 C. J. 798. The trial judge, we believe, may be conclusively presumed to have required, as he could, the minute entry to conform to his directions as indicated in the said "bench notes." . Spelce et al. v. State, 20 Ala. App. 412, 103 So. 694. In fact, under the circumstances here shown, it was error to allow the "bench notes" to be introduced in evidence. Authorities supra.

Considering, then, only the minute entry, made on the former trial, introduced in evidence by the state, it is plain that it does not meet the burden of showing that the statute of limitations had been, effectually, here suspended.

The former indictment does not appear in the bill of exceptions, and we find nothing to advise us whether it was or was not found before the expiration of the time allowed by the statute of limitations. The minute entry does not do so.

The state failed to meet its burden; and, according to the record before us, the defendant was entitled to have . given at his duly made request the general affirmative charge to the jury to find in his favor.

For the refusal to so give it, the judgment is reversed and the cause remanded.

Reversed and remanded.