304 So.2d 252

**Melvin Doyle HARRIS, alias**

v.

**STATE.**

**6 Div. 750.**

Court of Criminal Appeals of Alabama.

Nov. 26, 1974.

William Conway, Birmingham, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and David L. Weathers, Asst. Atty. Gen., Birmingham, for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant was indicted on June 8, 1973, for manslaughter in the second degree. The jury convicted him therefor and sentenced him to imprisonment in the county jail for one month.

The indictment alleges that Hazel Mae Pitts, the victim, was riding as a passenger in an automobile with the defendant when the tragedy described in the indictment occurred. The date of the alleged tragedy, averred in the indictment, was to-wit, October 2, 1971. Thus, it appears that more than one year intervened between the date of the alleged homicide and indictment on June 8, 1973.

The question here presented is whether the statute of limitations, namely, one year, was tolled so as to save the indictment and permit prosecution to be maintained. Title 15, § 222, Recompiled Code 1958, fixes twelve months as the limit for commencement of a prosecution involving the commission of a misdemeanor. Manslaughter in the second degree is a misdemeanor.

The record is totally silent as to any disclosure of circumstances or facts which would lawfully toll the statute of limitations or activate Title 15, § 258, Recompiled Code 1958, which reads:

*"If quashed or judgment arrested, another indictment preferred.*—When the judgment is arrested, or the indictment quashed, on account of any defects therein, or because it was not found by a grand jury regularly organized, or because it charged no offense, or for any other cause, the court may order another indictment to be preferred for the offense charged, or intended to be charged;

and in such case an entry of record must be made, setting forth the facts."

We wish to make some comment relating to the state of the record and the law applicable thereto.

■ In the first place, the record shows that the defendant filed a written plea which invoked the statute of limitations. This plea was surplusage and unnecessary. We held in Calvert v. State, 26 Ala.App. 189, 155 So. 389(1), that in a criminal case a defendant is not required to file a special plea of statute of limitations. Gambling v. State, 22 Ala.App. 442, 116 So. 507; Parker v. State, 2 Ala.App. 127, 56 So. 872. If the evidence fails to disclose that the offense was committed within the statute, the state fails to make out a case. Calvert, supra.

The record before us also shows that appellee filed in this court its petition for writ of certiorari directed to the Circuit Court of Jefferson County to send up certified copies of certain instruments or documents. This petition was denied.

The record shows that the Circuit Clerk of Jefferson County, without any order of this court therefor, certified and caused to be filed in this court mechanical pictures or copies of certain instruments involving the same offense charged in the indictment, for which the defendant was tried and convicted. We briefly refer to these certifications as follows:

A–1. Certified copy of indictment no. 24342 against appellant, returned December 10, 1971, for manslaughter in the first degree.

A–2. Certified copy of trial docket and bench notes thereon no. 24342.

These entries relate to indictment number 24342, supra.

B–1. Certified copy of indictment no. 25102 against appellant, returned April 7, 1972, for manslaughter in the first degree.

B–2. Certified copy of trial docket and trial court's entries thereon no. 25102.

This certification relates to indictment number 25102, supra.

■ In Calvert, supra, the court pointed out that the trial docket is not a record and the judge's bench notes entered thereon operated only as direction to the clerk as to what judgment and orders shall be entered on the court's record. Wynn et al. v. McCraney et al., 156 Ala. 630, 46 So. 854; De Bardeleben v. State, 16 Ala.App. 367, 77 So. 979. The minute entry showing the judgment constitutes the final record of the judgment. Jordan v. State, 16 Ala.App. 51, 74 So. 864, 965; Title 7, § 2, Recompiled Code 1958.

■ The record of the proceedings, judgment and decrees of the courts of record of the state are required to be kept, and when the final records are made up as constituting the judgment roll, this becomes the best evidence of the judgment. Jordan, supra; Calvert, supra; Title 7, § 2, supra. The bench notes as to the disposition of the first two indictments, supra, are of no evidentiary value and cannot be used as evidence to invoke the aid of Title 15, § 258, supra. We wish to observe that the first indictment and the disposition thereof, if made by a lawful final record or minutes, has no bearing on another prosecution for the reason that the second indictment, supra, was within one year from the date of the alleged offense. So, if the final record or minutes of the two indictments meet the requirements of Title 15, § 258, supra, thereby intercepting the statute of limitations, prosecution of the third indictment could proceed as provided by law, absent other valid reasons not here shown.

If the state contends at the next trial that either the first or second indictment and the final record or minutes relating thereto are sufficient to intercept the statute of limitations, they should be offered in evidence so that the trial proceedings will reflect what transpired with reference to an interception of Title 15, § 222,

supra. The indictments, or entries, unaccompanied by the minutes, are not evidence of interception.

We reverse and remand the cause so that the trial court may determine the suspension of the statute of limitations, vel non, but not exclude other valid objections to the indictment, if any available in the trial de novo. We again point out that the bench notes of the trial court are not evidence, and that the minutes of the trial court introduced in evidence must affirm valid and sufficient reasons to suspend the statute of limitations. Absent such affirmation, as provided by the law, the statute of limitations would proscribe another trial.

The motion of appellant to quash the appellee's petition for certiorari is dismissed for the reason, supra, that this court denied the petition.

The foregoing opinion was prepared by the Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Reversed and remanded.

All the Judges concur.