314 So.2d 874

**Curtis HIGHSMITH**

v.

**STATE.**

**I Div. 596.**

Court of Criminal Appeals of Alabama.

June 17, 1975.

Willis W. Holloway, Jr., Mobile, for appellant.

No brief for appellee.

TYSON, Judge.

The indictment charged the appellant with possession of a pistol, after a prior conviction in Baldwin County, Alabama, of grand larceny, a crime of violence. The jury found the appellant guilty as charged, and the trial court set sentence at three years in prison.

State Trooper James S. Fant testified that on November 2, 1974, he stopped Curtis Highsmith, the appellant, about 1:00 p. m. as he was driving a 1974 Dodge pickup truck. He stated the appellant was driving at approximately 83 m.p.h., and that he was detected through a radar screen driving on Interstate 10 about a mile west of Loxley, Alabama. The trooper gave chase and stopped the appellant near the exit ramp of Alabama 59 at the intersection with Interstate 10 in Baldwin County, Alabama. He asked for the appellant's driver's license and found that the truck had no license plate, and placed charges of reckless driving and no license tag against the appellant. As the officer was examining the vehicle registration plate, he noticed a pistol under the front edge of the front seat and upon withdrawing it, determined it was a .25 caliber pistol. He testified that he gave the appellant a *Miranda* card warning and asked him what he was doing with a gun under the seat, and the appellant replied:

"A. He never did tell me that he knew the gun was under the seat. I asked him what he was doing with the gun, and he explained ' again that somebody was out to hurt him, and he needed it for protection. That was all that was said about the subject."

At trial, the State presented the testimony of Miss Eunice Blackmon, Clerk of the Circuit Court of Baldwin County, and she identified a certified copy of a trial docket sheet dated April 10, 1950, showing the appellant to have plead guilty to a charge of grand larceny, but which docket sheet also showed that the appellant did not have counsel. This testimony and trial docket sheet were objected to on the basis of the fact that at the appellant's prior conviction, he was not represented by counsel and such was, therefore, improper to increase the punishment to be imposed upon the appellant. Over the appellant's objections, the State was allowed to place the trial docket sheet in evidence through the Circuit Clerk's testimony.

The appellant presented the testimony of Charles Edward Nelson who testified that the appellant, Curtis Highsmith, was a friend of his and that Mr. Highsmith had loaned a Dodge pickup truck to him to move some furniture and household appliances. He testified that he owned a small silver plated automatic .25 caliber gun as he was a former policeman. He testified that he had left this pistol in the Dodge pickup truck a day or two before returning the truck to the appellant. The appellant did not testify at trial.

## I

■ Appellant asserts that the trial court incorrectly admitted evidence over objection and motion of the prior conviction of grand larceny due to the fact that he was not represented by counsel when he plead guilty on April 10, 1950, to grand larceny. In admitting this record, the trial court committed reversible error. The Supreme Court of the United States determined in *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, that a state

may not use the record of a prior conviction to enhance the punishment in a given case without first affirmatively establishing that the accused was represented by counsel or waived counsel at the time of such prior offense. From *Burgett,* supra, appears the following:

". . . Gideon v. Wainwright [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799] established the rule that the right to counsel guaranteed by the Sixth Amendment was applicable to the States by virtue of the Fourteenth, making it unconstitutional to try a person for a felony in a state court unless he had a lawyer or had validly waived one. And that ruling was not limited to prospective applications. . . ."

Moreover as stated by the Supreme Court of Alabama through Mr. Justice McCall in *Donahay v. State,* 287 Ala. 716, 255 So.2d 599:

"We construe Burgett v. Texas, supra, to hold that in felony cases, certified copies of judgments of convictions which are silent on their face as to the defendant's representation by counsel raise a presumption that the defendant was denied his right to counsel, and therefore his conviction is void. There the court said: 'Presuming waiver of counsel from a silent record is impermissible.' "

In the case involved, there was no admission by the appellant as to the prior conviction sought to be proven, therefore, the use of the prior grand larceny conviction to enhance punishment was illegal, and this case is due to be reversed and rendered. *Goodwin v. State,* 46 Ala.App. 149, 239 So.2d 221; *Dunaway v. State,* 50 Ala.App. 200, 278 So.2d 200, cert. denied 291 Ala. 93, 278 So.2d 205, and cases therein cited.

**II**

■ Additionally, the trial court committed reversible error by allowing the introduction into evidence of the prior conviction through the use of a "trial docket sheet" identified by the circuit clerk. The trial docket sheet was not a record and the memoranda (the judge's bench notes entered thereon by the judge) operated only as a direction to the circuit clerk as to what judgments and orders should be entered on the court's records. *Winn et al. v. McCraney et al.,* 156 Ala. 630, 46 So 854; *Calvert* v. State, 26 Ala.App. 189, 155 So. 389.

■ The proper method of proving the prior conviction is not through the testimony of the circuit clerk, but rather by a certified copy of the minute entry showing the prior conviction. *Childers v. Holmes,* 207 Ala. 382, 92 So. 615; *Thompson v. State,* 100 Ala. 70, 14 So. 878; *Palmer v. State,* 1975, 54 Ala.App. 707, 312 So.2d 399.

Because of the errors shown, the judgment is due to be and the same is hereby reversed and rendered. *Harris v. State,* 54 Ala.App. 10, 304 So.2d 252.

Reversed and rendered.

All the Judges concur.