BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant’s motion for a rehearing has merit and is granted. The opinion and judgment of affirmance entered following remand by the Supreme Court is vacated and held for naught. We now address issues pretermitted in the original opinion.
At the close of the state’s evidence at nisi prius the defendant moved to exclude the evidence because inter alia the prosecution was barred by the statute of limitations applying to misdemeanors as here involved. § 15-3-2, Code of Alabama *926 1975. The evidence shows without dispute that the alleged assault and battery, charged in the indictment that was returned on July 1,1977, occurred on April 22, 1976. Thus, it appears that more than twelve months had elapsed between the date of the alleged offense (a misdemeanor) and the return of the indictment. The prosecution was barred. Harris v. State, 54 Ala.App. 10, 304 So.2d 252; Calvert v. State, 26 Ala.App. 189, 155 So. 389. Defendants in criminal cases need not specially plead the limitation statute. Harris and Calvert, supra. The motion to exclude properly raised the issue. There is no evidence in the record that interdicts or suspends the operation of the statute of limitations, supra. The judgment should be reversed and the cause remanded.
We find that the trial court gave a very elaborate and comprehensive oral charge that adequately covered applicable law. The multiple refused written charges were either covered by this oral charge, were abstract, or were incorrect statements of law. § 12-16-13, Code of Alabama 1975; Barnes v. State, Ala.Cr.App., 361 So.2d 390. We are unwilling to say that the refusal of any charge constituted error.
We reverse and remand because of the error at nisi prius in refusing to exclude the evidence.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
APPLICATION FOR REHEARING GRANTED.
REVERSED AND REMANDED
All the Judges concur.