WILLIAM H. COLE, Circuit Judge.
On March 17,1982, a grand jury sitting in Cherokee County indicted appellant, J.W. Rickett, for escape in the first degree. The trial court overruled appellant’s pre-trial demurrer or in the alternative plea and abatement on May 14,1982. Appellant was tried before a jury on May 14, 1982, and found guilty of escape in the first degree. The state petitioned the court on June 1, 1982, to sentence the appellant under the Habitual Offender Act, § 13A-5-9, and filed notice of prior convictions by certified copies of minute entries. After a hearing, the trial court sentenced the appellant to life imprisonment. This appeal follows the denial of appellant’s motion for new trial on July 22, 1982.
The appellant was arrested on December 11, 1981, on the charge of theft of property and was placed in the Cherokee County Jail. On the morning of March 13, 1982, the appellant and trustee, Roy Lionel Battles escaped from jail after consuming a large amount of “homebrew.” According to Battles’s testimony, the appellant and Battles released themselves from a locked cell by means of homemade keys and proceeded to the jail’s kitchen where they accosted the jailer, Duard Wooten. Battles testified that both he and the appellant were armed with pocket knives. The appellant, however, denies being armed. Wooten testified that he observed that Battles was armed but never saw the appellant with a knife. Wooten did state, however, that he felt something pressed against his back by appellant. The appellant and Battles took Wooten to a cell, where they stole the keys to his car and locked him in the cell. The two escapees then left the jail and fled in Wooten’s car. The car was abandoned in the woods approximately one mile from the appellant’s father’s home in Cherokee County-
*1204 Prom the testimony of Wooten and John Tillery, Chief Deputy Sheriff of Cherokee County, the appellant was in custody on the date of his escape. Further, the appellant admits escaping. The appellant was re-arrested on April 10, 1982, in Walker County and was again incarcerated in the Cherokee County Jail.
I
The appellant contends that the court erred in overruling the demurrer in that the indictment was defective in failing to charge the escape was “from custody” but instead charged escape from a penal facility. Further, he contends that the use of a dangerous weapon, physical force or threat of physical force in an escape from custody was not proven. The indictment reads as follows:
“The grand jury of said county charged that before the finding of this indictment J.W. Riekett, whose name to the grand jury is otherwise unknown than as stated, did escape or attempt to escape from a penal facility, to wit: Cherokee County Jail, and in the course of said escape, or attempt to escape, did employ physical force on Durard Wooten, or threaten physical force, or use a deadly weapon or a dangerous instrument, to wit: a knife, in violation of § 13A-10-31 of the Code of Alabama contrary to law and against the peace and dignity of the State of Alabama.
An indictment should be “a plain, concise statement of the facts in ordinary language sufficiently definite to inform a defendant of common understanding of the offense charged and with that degree of certainty which will enable the court, upon conviction, to pronounce the proper judgment.” A.R.Crim.P.Temp. 15.2.
Under § 13A-10-30, Code of Alabama 1975, a county jail comes within the definition of a penal facility and the term “custody” is defined as “restraint or detention by a public servant pursuant to a lawful arrest, conviction or order of court.” See also § 15-8-25, Code of Alabama 1975. Under the testimony in this case the defendant escaped from a penal facility and was in custody when he did. The code section cited in the indictment gives notice that the charge is escape in the first degree. The defendant is informed of the offense charged and the court is able to pronounce proper judgment. Not only does the citing of § 13A-10-31 charge first degree escape, but the averment of physical force and the use of a deadly weapon, etc., establishes this. Such force appears only in first degree escape. The explanation of complicity in the oral charge enables the jury to consider force by the appellant and/or his co-defendant.
In addition, the trial judge charged on the lesser included offense of escape in the second degree, the difference between the two being that second degree escape does not require force, or deadly weapons or a dangerous instrument. In his oral charge, the trial judge used the term “custody” when explaining first degree escape. In objecting to the Court’s oral charge, appellate’s attorney objected to the lesser included offense of escape in the second degree, stating that the indictment was so drawn that there could only be a conviction for first degree escape or an acquittal. To now argue the reverse is not acceptable. No charge was requested or objection made to the oral charge as to the term “custody.” The indictment satisfies the criteria in the aspects required by Andrews v. State, 344 So.2d 533 (Ala.Cr.App.1977), and Summers v. State, 348 So.2d 1126 (Ala.Cr.App.1977), cert. denied, 434 U.S. 1070, 98 S.Ct. 1253, 55 L.Ed.2d 773, rehearing denied, 435 U.S. 981, 98 S.Ct. 1633, 56 L.Ed.2d 75 (1978).
II
It is argued that certified copies of prior convictions were not offered in evidence “on the record,” and hence appellant cannot be sentenced under the Habitual Offender Act. The trial judge read into the record, as shown by the transcript, a conviction for burglary third degree, 1981; robbery 1975; assault with intent to rob, 1975; and in 1975 a “felony” conviction (theft by taking) in the state of Georgia. Minute *1205 entries through exemplified copies appear in the transcript. True, they are not marked as exhibits in this case, but they show attorney representation and all the prerequisites. See, Thatch v. State, 397 So.2d 246 (Ala.Cr.App.1981); Highsmith v. State, 55 Ala.App. 272, 314 So.2d 874 (Ala.Cr.App.1975); and Clency v. State, 415 So.2d 714 (Ala.Cr.App.1982). On cross examination in the trial, defendant also admitted four prior felony convictions. They are proven. See Peoples v. State, 415 So.2d 1230, after re-mandment, 421 So.2d 1383 (Ala.Cr.App.1983); Laffity v. State, 423 So.2d 280 (Ala.Cr.App.1982).
Ill
It is next urged that the enforcement of the Habitual Offender Act, as applied to appellant, was unconstitutional in that co-defendant Battles (who testified) admitted to three prior felonies and on a plea of guilty received a sentence of five years. There was nothing offered in evidence, nor appearing in the transcript, nor on the motion for a new trial, which refers to the co-defendant or his co-escapee receiving a certain sentence; Neither is there any reference to the degree of the charge or to the attorney representation. This court cannot rule on this argument on the bare oral assertion of three prior felonies.
The judgment of the Cherokee County Circuit Court is due to be and is affirmed.
The foregoing opinion was prepared by Hon. WILLIAM H. COLE, Circuit Judge, temporarily on duty on the court pursuant to § 12-2-30(b)(6), Code of Alabama 1975; the court has adopted his opinion as its own.
AFFIRMED.
All the Judges concur.