ALMON, Justice.
The circuit court, sitting without a jury, adjudged the petitioner guilty of driving under the influence of alcohol. Petitioner appealed the judgment of conviction to the Court of Criminal Appeals and obtained a reversal of his conviction. Being unsatisfied with portions of the opinion and judgment of the Court of Criminal Appeals,- 519 So.2d 587, petitioner filed a petition for writ of certiorari that properly complied with Rule 39, A.R.A.P., including a Rule 39(k) requested statement of additional facts. This Court granted the petition and issued a writ of certiorari.
We have read the entire record of the trial proceedings and find no evidence whatsoever tending to establish when the offense was committed.
“If the evidence fails to disclose that the offense was committed within the statute, the state fails to make out a case.”
Harris v. State, 54 Ala.App. 10, 12, 304 So.2d 252, 253 (1974), citing Calvert v. State, 26 Ala.App. 189, 155 So. 389 (1934).
Neither do we find sufficient evidence to establish that the offense occurred within the city limits or police jurisdiction of the City of Daphne. “Failure to prove venue is ground for reversal.” Willcutt v. State, 284 Ala. 547, 550, 226 So.2d 328, 330 (1969), citing Kimbell v. State, 165 Ala. 118, 51 So.16 (1909).
“A conviction in a criminal case can never be had except upon proof of the venue, and this need not be proved by direct evidence, but evidence from which it may be inferred is sufficient; but the venue. of a crime should never be left in doubt, nor supplied by inference, when it may be readily proved.”
Mayhall v. State, 22 Ala.App. 223, 225, 114 So. 361, 363 (1927), citing Walker v. State, 153 Ala. 31, 45 So. 640 (1908).
While the trial judge may have unintentionally been misled into concluding that the parties stipulated to the existence of a prima facie case, the record will not support that conclusion.
The judgment of the Court of Criminal Appeals reversing the judgment of the circuit court is correct; however, that judgment was incorrect in remanding this case, because, in view of the pronouncements herein made, the petitioner is due to be discharged. It is so ordered.
AFFIRMED IN PART; REVERSED IN PART; AND JUDGMENT RENDERED FOR DEFENDANT.
All the Justices concur.