Burlee Scarbrough, Jr., was convicted of obtaining a controlled substance by forged prescription. Upon proof that he had been convicted of at least three prior felonies, the court sentenced him to 25 years' imprisonment.
The state's evidence tended to show that appellant Scarbrough had presented a prescription for Demerol to be filled at a pharmacy in York, Alabama. The prescription was written on a pad from Emory University Hospital in Atlanta, Georgia, and purported to prescribe medicine for one Bonita McNeal. At least two pharmacists had seen this prescription, and one had talked with Scarbrough 15 to 20 minutes about it.
Through a witness employed by the Emory University Hospital Police Department in Atlanta, it was proved that there was no doctor at that hospital with the name that was signed to the prescription form. The two pharmacists who had talked with Scarbrough identified him in court. They had also identified his photograph from a photographic lineup.
On appeal, Scarbrough's attorney raises eight issues, and Scarbrough, pro se, raises several more issues.
 I
An informer told a Mississippi law enforcement officer acquainted with Scarbrough that Scarbrough was obtaining Demerol by prescription. The Mississippi officer had passed on this tip to an Alabama narcotics investigator. The Mississippi officer had arrested Scarbrough in 1985 for a prescription forgery. The informer, whose name was not revealed in court, was not a witness to the transaction with which the accused is charged, nor did he participate as a decoy or otherwise. Scarbrough argues that the court erred in not requiring disclosure. otherwise.
This court, in McCall v. State, 487 So.2d 1375
(Ala.Cr.App. 1986), quoted the general rule regarding an accused's right to disclosure of the identity of an informant in a trial on the issue of guilt or innocence, as *Page 892 
that rule is stated in Annot., 76 A.L.R.2d 262, 270 (1961):
 " 'Generally speaking, an accused's right to disclosure depends upon whether such disclosure is material to his defense or the disposition of the case. Disclosure is ordinarily material to the defense where the informer was a witness to the transaction with which the accused is charged, or participated in that transaction as a decoy or otherwise. On the other hand, disclosure is ordinarily not material where the informer was not a witness to the transaction charged, or did not participate in the transaction, being a "mere" informer who only supplied a "lead" to law enforcement officers for their investigation. It is clear, however, that there may be situations in which even a "mere" informer may be a material witness for the defense.'
 "An informant's identity is required when the informant and the accused were the sole participants in the criminal transaction and the informant was the only witness in a position to amplify or contradict the testimony of the prosecution witnesses. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639 (1957). See also 33 Am.Jur.P.O.F.2d 549 (1983); 21A Am.Jur.2d Criminal Law §§ 778-780, 1002-1005 (1981).
 "Entrapment is a defense which may likely merit the disclosure of informant's identity. Roviaro, supra; 33 Am.Jur.P.O.F.2d at 556, n. 8."
487 So.2d at 1379.
Scarbrough was not entitled under the general rule to know the identity of the tipster in Mississippi. Neither would the revelation of the name of this informant provide him with any kind of a defense, so the rule in Allen v. State,382 So.2d 1147 (Ala.Cr.App. 1980), would not be apposite here.
 II
Scarbrough contends that his photographic line-up was unduly suggestive because he did not have counsel and because the witnesses had not minutely described the facial features of the suspect before being shown the line-up. The lengthy conversation between one of the pharmacists and Scarbrough took place when the pharmacist was suspicious of him. An out-of-town doctor's prescription, written on a clinic pad, prescribing for some person other than the one presenting it, reasonably raised the level of suspicion and also the level of observation of these two witnesses. One of the witnesses described Scarbrough as having eyes that were "really big, like puppy dog eyes." The identification by both of these witnesses, both as to the photographic array and in court, was instantaneous and positive. There is no evidence that the in-court identification was affected in any way by the photographic line-up.
 III
Appellant next contends that the court erred by permitting cross-examination of the appellant as to connection with drugs. The following occurred:
"Q: Have you ever had a drug problem?
"A: No.
"Q: You don't deal in drugs or fool with them?
"A: I haven't ever had no drug problem.
 "[DEFENSE COUNSEL]: We object to the question. We don't think that that's a proper question and it's not relevant as to whether or not he has a drug problem or deals in drugs."
The objection came too late and therefore no error was perserved for our review. Reeves v. State,456 So.2d 1156 (Ala.Cr.App. 1984). Neither were any grounds stated for the objection; all legal grounds not stated are waived under the doctrine of Hughes v. State, 412 So.2d 296
(Ala.Cr.App. 1982). Further, the trial court did not abuse its discretion in permitting the questions. Asking someone who is accused of attempting to obtain drugs by forged prescription if he had a drug problem or deals in drugs is not error.
 IV
Appellant next contends that the court erred in allowing the prosecutor on *Page 893 
cross-examination to ask him how long he had served for a burglary conviction. In Wynn v. State, 423 So.2d 294
(Ala.Cr.App. 1982), this court stated:
 "Although a witness may be impeached by showing that he has been convicted of a crime involving moral turpitude, Ala. Code § 12-21-162 (1975); generally, only the name of the crime, the time and place of conviction, and the punishment imposed are proper inquiries. Favor v. State, 389 So.2d 556 (Ala.Cr.App. 1980); Conley v. State, 354 So.2d 1172
(Ala.Cr.App. 1977); C. Gamble, McElroy's Alabama Evidence § 145.01(11) (3d ed. 1977)."
Id. at 301. It is not error for the cross-examining prosecutor, when a witness has admitted to a crime involving moral turpitude, to ask the name of the crime, the time and place of the conviction, and the punishment imposed.
 V
Appellant next contends that error was committed when the court allowed him to be asked, on cross-examination, "Have you ever been charged with possession of a forged prescription?" and "Is it a fact that you're presently charged in Laurel, Mississippi, for conspiracy on another forged prescription?"
There was already testimony in the record from a Mississippi police officer that he had arrested the appellant for prescription forgery in 1985. This testimony was elicited by the appellant himself. The questions therefore, were expected to elicit cumulative testimony, or a denial. After the denial, the prosecutor asked him specifically if he had not been "charged" and fined $250 for possession of a forged prescription under the name Gary Lee Simmons. Since the record indicates there was a conviction, the prosecutor, operating from a fingerprint record and obviously believing this to be the same man, used the term "charged," when he should have said and probably meant to say "convicted."
The prosecutor's next question was "If they used those fingerprints to match up with Burlee Scarbrough that would not be right would it? That's a mistake?" The appellant thereafter admitted to having been convicted of a crime of burglary and receiving a five-year sentence. Then he admitted to having been convicted for the sale of marijuana and receiving a five-year sentence for that. He then admitted to having been convicted for stealing from a store and getting three years for that. The use of the word "charge" in the first instance related to an offense which the state understood Scarbrough to have been convicted of. We find no error committed here but rather a slip of the prosecutor's tongue.
As to a question about other prescription offenses, testimony concerning them was already in evidence in answer to a question from appellant's counsel so that the appellant was not injured by this question. The court did not err in denying a motion for mistrial under these circumstances. It was later disclosed that the charge in Mississippi on which he had been arrested by the police officer there was based on using another Emory University Hospital blank prescription form to obtain drugs.
The court did not err to reversal in its ruling on these matters. The prosecution acted within its rights in pursuing the issue after it had been brought partly to light. Exparte Tucker, 474 So.2d 134 (Ala. 1985). See alsoChannell v. State, 477 So.2d 522 (Ala.Cr.App. 1985).
 VI
Appellant next contends that this trial subjected him to double jeopardy because he had had an earlier mistrial in this case. The mistrial came about as a result of appellant's being exhibited before the jury in shackles and prison clothes. There was no evidence of any prosecutorial misconduct causing the mistrial. The constitutional prohibition against double jeopardy does not apply in this situation.
 VII
While there may have been a discrepancy in the date of the prescription as indicated in the indictment and the date of the prescription mentioned by the prosecutor *Page 894 
at pretrial conference, there was no variance between the indictment and the proof at trial. The state's evidence conformed to the allegations of the indictment.
 VIII
Appellant next contends that exhibits submitted by the state to prove his prior felonies were inadequate.
Because appellant had admitted to three prior felonies during his cross-examination, the state had no duty to offer any further proof as to their existence. Rickett v. State,440 So.2d 1203 (Ala.Cr.App. 1983).
 IX
Appellant, pro se, contends that the court erred when it allowed testimony as to the street price of Demerol tablets. There was no objection to this, and, further, the testimony would have been admissible. By proving the value of an object sought to be fraudulently obtained, the state may establish a motive for the appellant to commit the offense. Kelley v.State, 409 So.2d 909, 914 (Ala.Cr.App. 1981). Other matters raised by appellant do not merit discussion.
We conclude that the appellant received a fair trial and that his conviction is due to be affirmed.
AFFIRMED.
All the Judges concur, except BOWEN, P.J., who concurs in result only. *Page 1133