# Bube *v.* The State.

*Indictment for Violation of Revenue Law.*

1. *Limitation of prosecution for misdemeanor.*—The statutory bar to a prosecution for a misdemeanor is twelve months (Code, § 4644), unless facts are affirmatively shown which take the particular case out of the operation of the general statute, and bring it within some one of the specified exceptions.

2. *Same; exception as to new indictment preferred after abatement of first.*—When a prosecution is commenced by warrant issued by a justice of the peace, returnable into the County Court, for an offense of which that court has no jurisdiction, and the proceedings are removed by the defendant, after conviction, into the Circuit Court, where they are abated and quashed, and an order made allowing an indictment to be preferred (Code, §§ 4817–20); these facts do not avoid the statutory bar, if the indictment is not found until after the expiration of twelve months from the commission of the offense.

FROM the Circuit Court of Jefferson.

Tried before Hon. S. H. SPROTT.

The statute of limitations was pleaded to the indictment in this case. On the evidence adduced, all of which is set out in the bill of exceptions, and the material parts thereof stated in the opinion of the court, the court charged the jury, on the request of the solicitor, " that, if they believed the evidence, the offense was not barred by the statute of limitations, and they must find the defendant guilty ; " to which charge the defendant duly excepted.

R. H. PEARSON, for the appellant.

T. N. McCLELLAN, Attorney-General, for the State.

CLOPTON, J.—The indictment under which the defendant was tried and convicted, was found in December, 1882. The offense is engaging in, or carrying on the business of keeping a jenny-lind table, without a license ; and was committed in June, 1881, more than twelve months before the finding of the

indictment. The offense was barred by limitation, unless the record affirms a state of facts which bring the case within the purview and influence of sections 4816 to 4820, inclusive, of the Code, 1876.

The record discloses the following facts: On June 27, 1881, a warrant was issued by a justice of the peace, commanding the arrest of the defendant, and to have him before the judge of the County Court, on the third Monday in July, 1881, to answer the charge of keeping a jenny-lind table without license. The defendant was tried, convicted and sentenced by the judge of the County Court; and he appealed therefrom to the Circuit Court. When the case was called for trial in the Circuit Court, the defendant interposed a plea to the jurisdiction of the County Court; to which the State demurred. The Circuit Court overruled the demurrer, and made an order, that the writ of arrest and complaint be abated and quashed, and that the judgment of conviction and sentence thereon be arrested and held for naught. Thereupon, the court made an order, that an indictment be preferred against the defendant for the same offense, and that he be recognized to answer an indictment, should one be found.

Sections 4816 to 4820, inclusive, of the Code, are innovations on the common law; and while they are liberal in their provisions, they are not entitled to a liberal construction, or, at least, should not receive a construction beyond the plain import of the terms used. In *Coleman v. The State*, 71 Ala. 312, alluding to these sections, it is said: "All those sections relate to errors and imperfections in indictments, how they may be amended and cured, and the effect of the amendment when made." The statutory definition is: "An indictment is an accusation in writing, presented by the grand jury of the county, charging a person with an indictable offense."—Code, § 4782.

The County Court of Jefferson county was without jurisdiction to try the offense, with which the defendant was charged. By an act approved March 19, 1875, violations of the Revenue Law were expressly excepted from the jurisdiction of the County Courts of certain counties therein named; and the provisions of the act were, by a subsequent act of March 1, 1881, extended to Jefferson county.—Acts 1874-5, 235; Acts 1880-1, 144. The proceedings in the County Court were *coram non judice*. They were adjudged to be void by the Circuit Court, and after such adjudication, which terminated that prosecution, they could not operate as a foundation for a further continuance of the prosecution. The indictment, on which the defendant was tried and convicted, was a new and independent prosecution.

Section 4820 provides: "When a new indictment is pre-

ferred under the provisions of any one of the three preceding sections, the time which elapsed between the finding of the first and the subsequent indictment must be deducted from the time limited by law for the prosecution of the offense." By the provisions of the three preceding sections, the Circuit Court is authorized to order another indictment, when the defendant refuses to consent to the amendment of the indictment, the name of the defendant being incorrectly stated therein, or any person, property, or other matter incorrectly described; or when the indictment is lost, mislaid, or destroyed; or when the judgment is arrested, or the indictment quashed, on account of any defect therein, or because it was not found by a grand jury regularly organized, or because it charged no offense, or for any other cause.

The exception provided by the statute is the time which elapses "between the finding of the *first* and the *subsequent* indictment." The statutory exception applies, only, in such case, the subsequent indictment having been preferred under the provisions of one of sections 4816, 4817, 4818 and 4819. To hold that the facts stated in the record bring this case within the influence of section 4820, will be to imply an exception, restrictive of the operation of the statute of limitations, not found in the statute.—*Harwell v. Steel*, 17 Ala. 372.

Reversed, and an order will be entered discharging the defendant.