(129 So. 480)

### PRESNAL v. STATE.
#### 5 Div. 792.

Court of Appeals of Alabama.
June 30, 1930.

Hooton & Moon, of Roanoke, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

BRICKEN, P. J.

Demurrers to the indictment were properly overruled, it being clearly evident that the facts stated therein were sufficient to enable a person of common understanding to know what offense was intended to be charged, and also sufficient to enable the court on conviction to pronounce proper judgment. When an indictment is thus formulated it is usually sufficient. Code 1923, § 4529.

Another statutory rule provided by section 4528, Code 1923, is, an indictment must not be held insufficient, nor can the trial, judgment, or other proceedings thereon be effected by reason of any defect or imperfection in any matter of form which does not prejudice the substantial rights of the defendant on trial.

Here the indictment charged this appellant with the offense of manslaughter in the first degree, and each count alleges that this appellant unlawfully and intentionally, but without malice, killed Tom Kirby and Hubert Kirby, stating in different language, by recklessly and negligently driving and operating an automobile in which the two deceased were riding with him.

This indictment, while specifically charging manslaughter in the first degree, by op-

eration of law charges every lesser offense included in the one charged. Horn v. State, 98 Ala. 23, 29, 13 So. 329. Upon the trial this appellant was convicted by the verdict of the jury of the offense of manslaughter in the second degree, and judgment of conviction was accordingly pronounced and entered. This result of the trial operated as an acquittal of the defendant of manslaughter in the first degree, and renders unnecessary, here, a discussion of such points of decision, insisted upon as error, which relate only to the higher grade of offense of which he was acquitted.

██ Manslaughter in the second degree, being punishable only by hard labor or imprisonment in the county jail, and by the assessing of a fine, is a misdemeanor. Code 1923, § 3874; and the prosecution of all misdemeanors before the circuit, or county court, unless otherwise provided, must be commenced within twelve months next after the commission of the offense. Code 1923, § 4931.

In the case at bar, it affirmatively appears from the undisputed evidence that the unfortunate tragedy upon which this prosecution was based occurred on June 17, 1928. It also appears from the record that the indictment upon which this trial was had was returned by the grand jury on August 24, 1929, and that said indictment was based upon an original presentment to the grand jury. It follows that the statute of limitation had run, and the offense of which this appellant was convicted was barred under the provisions of said statute, hence the judgment of conviction pronounced and entered cannot stand. This question is properly raised, and, in brief of counsel, urgently insisted upon. To justify a verdict of guilty in a criminal prosecution, the jury must be satisfied from the proof, beyond a reasonable doubt, that the offense charged was committed, and within the time which the statute does not bar. Gore et al. v. State, 58 Ala. 391.

██ We observe from the record, when the trial was nearing conclusion, the court, evidently for the purpose of undertaking to avert this contingency, stated, ex mero motu: "I will let the State introduce that indictment now while I am thinking about it." The indictment referred to in this connection was a separate and distinct and valid indictment from the one upon which the trial was had; found at a former term of the court, and, at the time of this trial, was still pending. It charged the offense of manslaughter in the second degree only. There was no insistence or suggestion that this latter indictment in any manner came within the remedial provisions of section 4935 of the Code 1923. This section is as follows: "When an indictment is lost, mislaid, or destroyed, or when the judgment is arrested, or the indictment quashed for any defect therein, or for the reason that it was not found by a grand jury regularly organized, or because it charged no offense, or for any other cause, or when the prosecution is dismissed because of a variance between the allegations of the indictment and the evidence, and a new indictment is ordered to be preferred, the time elapsing between the preferring of the first charge or indictment and the subsequent indictment must be deducted from the time limited for the prosecution of the offense last charged."

The statutory exceptions provided in the foregoing section applies only in such cases when the subsequent indictment is preferred under the provisions of the section above quoted, and facts to take the prosecution out of bar must affirmatively appear. Bube v. State, 76 Ala. 73.

The effort of the state to thus bring this prosecution within the statute was therefore abortive and of no avail.

It affirmatively appearing, without dispute or conflict, that the offense for which this appellant was convicted was barred by the statute of limitations, therefore the defendant was entitled to his discharge. As no conviction can be again had upon this indictment, it is useless to remand the cause for further proceedings. An order is here rendered reversing the judgment of conviction from which this appeal was taken, and discharging appellant from further custody under this proceeding. Other points of decision need not be discussed.

Reversed and rendered.