20 So.2d 237

**FRENCH v. STATE.**

**6 Div. 91.**

Court of Appeals of Alabama.

Dec. 19, 1944.

Wm. N. McQueen, Acting Atty. Gen., and Chas. M. Cooper, Asst. Atty. Gen., for the State.

590

CARR, Judge.

This appeal is on the record proper, without a transcription of the testimony.

Only two questions are presented for our review: (1) The action of the lower court in overruling appellant's motion in which it is sought "to require the solicitor to strike off one name of the venire and allow the defendant to strike off two names until there remain only twelve names on the venire list." (2) The action of the trial court in overruling demurrers to the indictment.

The trial was in the Circuit Court of Jefferson County, in which the provisions of Title 62, Sec. 221, 1940 Code, apply. This section of the code was held constitutional in Dixon v. State, 27 Ala. App. 64, 167 So. 340.

The indictment in this case is in the following form:

"The State of Alabama
"Jefferson County

Circuit Court, Bessemer Division
August Term, 1943

"The Grand Jury of said County, charges that before the finding of this indictment Lawrence French, whose name to the Grand Jury is otherwise unknown, unlawfully and with malice aforethought, killed Grace Irene Junkins by striking her with an automobile, but without premeditation or deliberation.

"2. The Grand Jury of said County further charges that, before the finding of this indictment, Lawrence French, whose name to the Grand Jury is otherwise unknown, unlawfully and with malice aforethought, killed Grace Irene Junkins by running an automobile into, upon or against her, but without premeditation or deliberation, against the peace and dignity of the State of Alabama."

The strict rule of common law, requiring an indictment for homicide to specify and designate with particularity the means by which death was caused, has undergone much relaxation. In some jurisdictions, by statute, an indictment for homicide need not allege the means employed to cause death, and such legislation has been held not in violation of the constitutional rights of the accused.

The rule in this State is clearly expressed by Presiding Judge Bricken of this court in McQueen v. State, Ala.App., 13 So.2d 59, 60,[1] certiorari denied 244 Ala. 251, 13 So.2d 61: "The law is that an indictment must state the facts constituting the offense in ordinary and concise language, in such manner as to enable a person of common understanding to know what is intended. Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning."

By demurrer the point is taken in the instant case that it is not sufficiently alleged in the indictment in what manner or by what means the deceased came to her death. This insistence is directed, in brief, mainly to Count 1.

The word "strike" means "to come in collision with; as the ship struck a reef. He was struck by lightning." Webster's New International Dictionary.

Without uncertainty there was a substantial compliance with the function of the indictment and there was no failure to acquaint the accused with the offense charged. McQueen v. State, supra; Hyde v. State, 230 Ala. 243, 160 So. 237; Presnal v. State, 23 Ala.App. 578, 129 So. 480; Hartwell v. United States, 5 Cir., 107 F.2d 359.

It is ordered that the case be affirmed.

Affirmed.