BOWEN, Judge.
The defendant was indicted and convicted for robbery. Sentence was ninety-nine years’ imprisonment.
I
The State’s evidence shows that on May 13, 1979, the defendant and another robbed Mustafa Issa Elayan at his drugstore in Decatur. During cross examination by defense counsel, Mr. Elayan admitted that he had been convicted of obtaining drugs by fraud.
Despite this, the trial judge refused the defendant’s written requested instruction which read: “The Court charges the jury that if any witness testifying has been impeached, then the jury may disregard his testimony.” While the substance of this requested charge was not covered in the oral charge of the trial court, the refusal of the charge was not error. “It is the rule that in criminal cases tendered written instructions should be hypothesized on the belief from the evidence and a refusal of instructions in a criminal case not so hypothesized is not error.” Thompson v. State, 369 So.2d 50, 51 (Ala.Cr.App.), cert. denied, 369 So.2d 52 (Ala. 1979).
Furthermore, two other witnesses positively identified the defendant as being one of the robbers. The trial judge and not the jury fixed the defendant’s punishment. Thus, even if the charge had been properly predicated upon the evidence, we do not think that its refusal probably injuriously affected the rights of the defendant. Kennedy v. State, 291 Ala. 62, 66, 277 So.2d 878 (1973).
We have searched the record for error as required by law and found none. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur.