LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment convicting appellant of robbery, in accordance with the verdict of a jury, and sentencing him to imprisonment for fifteen years.
The evidence of guilt was strong and almost conclusive, but a witness for defendant, his former wife, testified positively as to an alibi, saying she and defendant were together in Florida at the time the robbery was committed. The defendant did not testify in the case.
Defendant requested thirty-seven written charges. They were all refused. More than one of them was patterned after charges that have been approved by the appellate courts of Alabama.
Defendant’s requested charge number 27 is:
“Ladies and gentlemen of the jury, I charge, that the legal presumption of innocence is to be regarded by the jury, in every case, as a matter of evidence, to the benefit of which the accused is entitled, and, as a matter of evidence it attends *174 the accused until his guilt, by the evidence, is placed beyond a reasonable doubt.”
In all material respects, charge 27 is the same as charge number 4 in Brooks v. State, Ala.Cr.App., 380 So.2d 1012, 1014 (1980), where it is stated per Judge Bowen:
“The refusal of this requested charge is error and requires a reversal where it is not fairly and substantially covered in the court’s oral charge. Wilson v. State, 243 Ala. 1, 21, 8 So.2d 422 (1942); Brown v. State, 33 Ala.App. 97, 104, 31 So.2d 670 (1946); Salter v. State, 22 Ala.App. 86, 88, 112 So.2d 538 (1927); Diamond v. State, 15 Ala.App. 33, 39, 72 So. 558 (1916). The only exception to this rule is where the evidence is not conflicting and the general affirmative charge is given in the State’s favor. Bertrand v. State, 46 Ala.App. 631, 247 So.2d 386 (1971). Here, the evidence was conflicting and the affirmative charge was not given. Here also, the ‘generality of the oral charge ... was not sufficient to cover the principle, “as a matter of evidence,” ’ in the refused charge. Denson v. State, 50 Ala. App. 409, 412, 279 So.2d 580, 583 (1973). Consequently, the refusal of requested charge No. 4 was error.”
We repeat and apply what we have just quoted from Brooks to refused charge No. 27 in the instant case. For this reason, the judgment of the trial court should be reversed and the cause remanded. We think it unnecessary to discuss the rest of the refused charges, other than to say that most of them were unquestionably properly refused but that the refusal of a few of them is seriously questionable.
We think we should state for the benefit of all concerned that the reversal of this case is regrettable not only by reason of the overwhelming weight of the evidence against defendant, but also because of the possibility that the result thereof is not the aim or desire of anyone concerned. We find a basis for such a possibility in a combination of circumstances disclosed by portions of the record proper and the transcript of the proceedings, which we now narrate.
Defendant was represented on the trial by two employed, able counsel, one from Decatur and the other of Moulton, where the case was tried. They continued to represent him to and through the sentencing proceeding, at which time the court made it known to defendant that he could appeal within the prescribed time. About five days thereafter, he filed what purports to be a pro se notice of appeal, and affidavit of indigency, and a request for a free transcript and an attorney for him on appeal. The court ordered a free transcript and appointed his previously employed Moulton attorney to represent him on appeal. The attorney has filed no brief. The transcript also shows that members of the family of defendant, including his father and mother, were present at the sentencing proceeding, and that defendant’s Moulton attorney, in the presence of defendant, made known to the court that members of the defendant’s family desired to make “Restitution” of approximately the amount of the money stolen from the victim of the robbery, and that the court in sentencing the defendant said:
“All right. Then the Court, after determining your Pre-sentence Investigation and your prior record and the offense for which you have been convicted, and also considering the fact that your family has offered and made restitution here in the amount of Eight Hundred Dollars for the offense of Robbery, for which the jury has found you guilty, the Court sentences you to Fifteen (15) years in the State Penitentiary and remands you to the custody of the sheriff.”
The facts stated in this paragraph afford cause for wonder whether a reversal is for the best interest of appellant and whether his appeal was taken merely for the purpose of a delay of the execution of his sentence.
Pursuant to our duty to search the record for error prejudicial to defendant, we find it in the refusal of defendant’s requested charge No. 27. For that reason, the judgment of the trial court should be reversed and the cause remanded.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, *175 serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REVERSED AND REMANDED.
All the Judges concur.