415 So.2d 1220 (1982)
Harold PINKARD
v.
STATE.
8 Div. 518.
Court of Criminal Appeals of Alabama.
April 20, 1982.
On Return to Remand June 8, 1982.
*1221 Dave Beuoy, Russellville, for appellant.
Charles A. Graddick, Atty. Gen., and J. Thomas Leverette, Asst. Atty. Gen., for appellee.
LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment of conviction and sentence based on a verdict finding defendant guilty of burglary in the second degree.
The position was taken by defendant on the trial and continues to be pressed by appellant that the prosecution was barred by Code of Alabama 1975, § 15-3-1, which provides:
"The prosecution of all felonies, except those specified in sections 15-3-3 and 15-3-5 [inapplicable as to this case], must be commenced within three years after the commission of the offense."
Code § 15-3-7 provides:
"A prosecution may be commenced within the meaning of this chapter by finding an indictment, the issuing of a warrant or by binding over the offender."
The alleged crime was committed in May 1976. The conviction was on an indictment which was returned on March 31, 1980, nearly four years after the commission of the alleged offense. However, a warrant, based on an affidavit of probable cause for belief that defendant had committed a burglary in the second degree, was issued for his arrest on October 5, 1977, which, according to Code § 15-3-7, constituted the commencement of the prosecution for said burglary, which was described in said affidavit and in an indictment of defendant returned in March 1978 as the burglary of "a dwelling house, situated at Route 1, Phil Campbell, Alabama, the property of C. W. Hamilton." What disposition was made of said indictment is not clearly shown, but the record shows without dispute that the burglary charge upon which the affidavit was made and warrant of arrest issued, upon which the first indictment was based and upon which the indictment on which defendant was tried, was incorrectly described in the affidavit and in the first indictment as the burglary of "a dwelling house, situated at Route 1, Phil Campbell, Alabama," and that it was correctly described in the indictment on which defendant was tried as the burglary of "a dwelling house, situated at Route 1, Haleyville, Alabama." The record further shows that such inaccuracy in the description of the dwelling house became known to the district attorney for the first time about six months before the return of the indictment upon which defendant was tried and convicted. There was also a difference between the second indictment and the first indictment and the affidavit upon which the warrant was issued in that the second indictment alleged that the dwelling house was "the property of C. W. Hamilton," while it was alleged in the first indictment and the affidavit upon which the warrant was issued that the dwelling house was "the property of Mrs. C. W. Hamilton."
The evidence shows that the dwelling house burglarized was the property of both Mr. and Mrs. C. W. Hamilton, that it was situated on Route 1, Haleyville, Alabama, and that at that point Route 1, Phil Campbell, Alabama, was about one mile therefrom. We take judicial knowledge of the fact that Phil Campbell, Alabama, is about ten or twelve miles northwest of Haleyville, Alabama.
One phase of the question as to the statute of limitations is to be determined by whether the burglary charged in the second indictment was the same burglary as the burglary charged in the affidavit upon which the warrant of arrest was issued. Notwithstanding the confusion and the foul-up that occurred, we have no difficulty in determining that they were the same. There is no contention or indication that either Mr. C. W. Hamilton or Mrs. C. W. Hamilton, or both, had more than one dwelling house at the time of the alleged burglary, and there is no semblance of any contention that either had another dwelling house on Route 1, Phil Campbell, Alabama.
Another phase of the problem requires studious consideration of Code of Alabama 1975, § 15-3-6, which provides:

*1222 "When an indictment is lost, mislaid or destroyed, when a judgment is arrested or an indictment quashed for any defect therein, for the reason that it was not found by a grand jury regularly organized, because it charged no offense or for any other cause or when the prosecution is dismissed because of a variance between the allegations of the indictment and the evidence and a new indictment is ordered to be preferred, the time elapsing between the preferring of the first charge or indictment and the subsequent indictment must be deducted from the time limited for the prosecution of the offense last charged."
Although we have no doubt that the offense for which the warrant was issued was the same offense for which the first indictment was preferred and was the same offense for which the second indictment was preferred, a troublesome question is as to whether the prosecution of the second indictment was legally the same prosecution as the prosecution proceeding under the preceding indictment. To meet the test of sameness, there must have been action as to the first indictment that is required by Code of Alabama 1975, § 15-3-6, to permit a deduction from the period of the statute of limitations of "the time elapsing between the preferring of the first ... indictment and the subsequent indictment." We cannot determine that question by the record and transcript before us. The mere fact that the prosecution under the second indictment was for the same offense as the prosecution under the first indictment does not mean that there was only one prosecution. We need to know what happened to the first indictment. We are confident that whatever prosecution there was under the original warrant of arrest merged into the prosecution under the first indictment so that the prosecution thereunder became one continuous prosecution, but neither the record proper nor the transcript discloses a linkage between the two indictments required by § 15-3-6. The nearest approach to such a linkage is that which is stated in the State's "motion to dismiss" the defendant's "motion to quash the indictment," as follows:
"On October 18, 1979, the District Attorney was advised by Mrs. C. W. Hamilton that the premises where the crime occurred were located at Route 1, Haleyville, Alabama, and that Route 1, Phil Campbell, Alabama, actually comes within less than one mile of the premises. Therefore, a new indictment was returned by the March 1980 grand jury charging the defendant with second degree burglary of `a dwelling house, situated at Route 1, Haleyville, Alabama, the property of Mrs. C. W. Hamilton.' Copies of relevant documents are attached hereto and made a part of this motion."
A stipulation between the parties occurred just before the jury was selected to try the case, which is set forth in a colloquy among the trial judge, defendant and defendant's attorney in pertinent part as follows:
"THE COURT: Now, you are Mr. Harold D. Pinkard?
"MR. PINKARD: Yes, sir.
"THE COURT: And you are here with your attorney?
"MR. PINKARD: Yes, sir.
"THE COURT: Now, your attorney and the District Attorney and myself have discussed the motion made by your attorney and listen to the statement I am going to make and if you don't agree with it, say something. Now, comes the parties, the Defendant and the State and agree that all of the facts necessary for the determination of the Motion to Quash are reflected either in the Motion to Dismiss or the Motion to Quash and the parties stipulate as to the facts, as reflected by those two pleadings.
"MR. BEUOY: Yes sir.
"THE COURT: All right, now the Court denies the Motion to Quash the indictment."
In Bube v. State, 76 Ala. 73 (1884) the judgment of conviction was for the crime of engaging in "the business of keeping a jenny-lind table, without a license," for which defendant had been indicted after the expiration of the period of the applicable statute *1223 of limitations. The prosecution was able to convince the trial court that there should be excluded from the statutory period the time of a prosecution for the same offense, begun by affidavit and warrant in the Jefferson County Court, in which he was convicted and from which he appealed to the Circuit Court. The Circuit Court held that the County Court did not have jurisdiction to try the case and "made an order, that an indictment be preferred against the defendant for the same offense, and that he be recognized to answer an indictment should one be found." At that time, Code of Alabama 1876 applied and Section 4820 thereof contained the same language as Code of Alabama 1975, § 15-3-6 quoted above. The Supreme Court of Alabama held in Bube v. State that the prosecution on which the conviction and appeal were based was not commenced within the statutory period. It said:
"The exception provided by the statute is the time which elapses `between the finding of the first and the subsequent indictment.' The statutory exception applies, only, in such case, the subsequent indictment having been preferred under the provisions of one of sections 4816, 4817, 4818 and 4819.[1] To hold that the facts stated in the record bring this case within the influence of section 4820, will be to imply an exception, restrictive of the operation of the statute of limitations, not found in the statute.Harwell v. Steel, 17 Ala. 372." Bube v. State, supra, at 76 Ala. 75.
In Presnal v. State, 23 Ala.App. 578, 129 So. 480 (1930), the appeal was from a conviction of manslaughter in the second degree on a trial on an indictment charging manslaughter in the first degree. The statute of limitations as to manslaughter in the second degree had run at the time of the return of the indictment, but the State contended that from the period of the statute should be excluded the period in which another indictment involving the same alleged conduct of the defendant that charged manslaughter in the second degree only had been pending, which indictment at the time of the trial was still pending. The court said at 129 So. at 482:
"The statutory exceptions provided in the foregoing section [Section 4935 of Code 1923 containing the same language as § 15-3-6 Code 1975] applies only in such cases when the subsequent indictment is preferred under the provisions of the section above quoted, and facts to take the prosecution out of bar must affirmatively appear. Bube v. State, 76 Ala. 73.
"The effort of the state to thus bring this prosecution within the statute was therefore abortive and of no avail."
Without further light on the subject of whether the first indictment against defendant for the alleged robbery had been disposed of prior to the second indictment in a manner set forth in Code § 15-3-6, we cannot assuredly say whether the prosecution herein was barred by the statute of limitations.
Aside from the question whether defendant preserved his right to a review of the trial court's action in refusing the two charges, Charge 8 and 10, we find that they should have been refused. Both deal with some evidence as to defendant's intoxication at the time of the alleged crime. Charge 8 precludes a guilty verdict if the defendant "was so drunk as to be incapable of forming a felonious intent to steal or commit a felony." Its incorrectness is to be found in the use of the adjective "felonious" before the words "intent to steal." The requisite intent may consist of the intent to commit petit larceny, which is a misdemeanor, as well as the intent to commit any felony, including grand larceny.
Defendant's requested Charge No. 10 which was hypothesized upon a belief by the jury was not hypothesized upon such belief from the evidence. Its refusal was not error. Barnett v. State, Ala.Cr.App., 389 So.2d 535, cert. denied 389 So.2d 536 (1980); Thompson v. State, Ala.Cr.App., 369 *1224 So.2d 50, 51, cert. denied, 369 So.2d 52 (1979).
Appellant's only other insistence on error is without merit. It pertains to a written statement made by defendant, on November 25, 1977, relative to the alleged crime, in the presence of and to an investigating officer. It appears therein that the defendant stated that the alleged crime occurred on May 25, 1976, but the investigating officer made it clear that the date of May 25 was an alteration of the date of May 5 by the insertion of the digit "2" before "5." It appears that the statement had been handled by several people, and there was no explanation for the alteration. However, there was no controversy between the parties as to the date the incident occurred. No harm could have conceivably resulted to the defendant by reason of the alteration. Appellant is correct in foreseeing danger of such an alteration and in warning against the possible injustice to litigants in the future, but there was no injustice done to this appellant in respect to the matter.
To enable us to determine whether the prosecution of this case was barred by the statute of limitations of three years, it must be remanded to the trial court with directions that a hearing be conducted, with due notice to the parties, for an ascertainment of the facts as to the disposition, if any, of the first indictment of the defendant for the crime involved and, if disposition thereof was made, all facts pertaining to the disposition that would have a material bearing upon whether it was a disposition that met the requirements of Code of Alabama 1975, § 15-3-6. In the conduct of such hearing, due regard shall be given to §§ 15-8-90, 15-8-91, 15-8-110, 15-8-130 and 15-8-131, Code 1975. Upon a return to the order of remandment with notice thereof to the parties, either party aggrieved thereby shall have fifteen days within which to file a brief to this Court and the opposing party will have ten days thereafter within which to file a reply brief.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REMANDED WITH DIRECTIONS.
All the Judges concur.

ON RETURN TO REMAND
LEIGH M. CLARK, Retired Circuit Judge.
The Return to Remand filed in this Court on May 3, 1982, contains a written statement signed by the attorneys for the respective parties on the trial of the case and accepted in open court by the trial judge, as shown by the order of the trial court of April 30, 1982, which states, inter alia, the following:
"10. That no action was taken in Case No. CC-78-71 [case based on the first indictment] until after Harold Pinkard was found guilty in Case No. CC-80-60 [the Circuit Court case number of the instant case], at which time the first pending case was dismissed;
"11. That a copy of the Docket Sheet of Case No. CC-78-71 is attached hereto, and made a part hereof."
The copy of the docket sheet discloses that the following order was entered and signed by the trial judge on March 23, 1981:
"The District Attorney having advised the Court that the facts in this case are identical to the facts in Case # CC-80-60 wherein the defendant was tried and found guilty on March 16, 1981, now, therefore, upon motion of the State this case is hereby dismissed."
The response to the order remanding the cause with directions is a sufficient answer to the question in our opinion before remandment as to whether any disposition of the first indictment "was a disposition that met the requirements of Code of Alabama 1975, § 15-3-6." Clearly it was not, and we are not advised of any contention to the contrary. It necessarily follows that the judgment of the trial court herein *1225 should be reversed and a judgment here rendered quashing the indictment and discharging the defendant as to this case.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
REVERSED AND RENDERED.
All the Judges concur.
NOTES
[1] The cited sections of Code 1876 contain the same language as that of Code of Alabama 1975, §§ 15-8-90, 15-8-91, 15-8-110 and 15-8-131, respectively.