**Samuel SIMMONS, Petitioner-Appellant,**

v.

**Louis L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, State of Florida, Respondent-Appellee.**

No. 83–3056
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

July 29, 1983.

Robert W. Knight, Tampa, Fla., for petitioner-appellant.

Michael J. Kotler, Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before HILL, KRAVITCH and HENDERSON, Circuit Judges.

PER CURIAM:

The petitioner, Samuel Simmons, was found guilty of rape by a jury trial and sentenced to life imprisonment. At trial petitioner was represented by the public defender's office. On direct appeal, Ellen Condon, a public defender was appointed to represent Simmons. Ms. Condon ordered the complete transcript of the trial court proceedings from the clerk of the state court. After reviewing the record, Ms. Condon filed an *Anders* brief, following the procedures set forth in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Ms. Condon sent the trial transcript and a copy of her *Anders* brief to Simmons, who was informed of his right to file a *pro se* response. Simmons chose not to file a response. Petitioner's conviction was affirmed. See *Simmons v. State,* 301 So.2d 165 (Fla. 2d D.C.A.1974).[1] Petitioner also filed, unsuccessfully, a motion for post-conviction relief and his appeal from this order was denied. See *Simmons v. State,* 349 So.2d 1234 (Fla. 2d D.C.A.1977).

1. Rather than an "affirmance," *Anders* normally leads to dismissal of the appeal. *See United States v. Minor,* 444 F.2d 521 (5th Cir.1971).

2. Simmons' initial petition was dismissed for failure to exhaust state remedies. This decision was appealed and the Fifth Circuit affirmed the dismissal. *Simmons v. Wainwright,*

Petitioner subsequently filed a habeas corpus action in the federal district court alleging that Ms. Condon rendered ineffective assistance of counsel by the filing of the *Anders* brief.[2] The magistrate held an evidentiary hearing and after reviewing the state court transcript recommended that the petition be dismissed. The district court adopted the magistrate's recommendation. Simmons was granted a certificate of probable cause and filed a timely notice of appeal.

## I. ISSUE ON APPEAL

Simmons contends that the *Anders* brief filed by Ms. Condon failed to argue errors worthy of development on direct appeal. Initially, appellant contended that a search warrant was issued improperly because of a lack of probable cause and that his motion to suppress a photographic line-up identification was improperly denied. However, in Simmons' reply brief filed before this court, he concedes that the search warrant and identification issues do not constitute reversible error. (Appellant's reply brief at 5). Habeas relief based on a claim of ineffective assistance of counsel requires a showing of prejudice. *Washington v. Strickland,* 693 F.2d 1243, 1258–60 (5th Cir. Unit B 1982) (en banc). Because Simmons acknowledges that the errors he has raised would not constitute reversible error, there has been no showing of prejudice.

Moreover, the record establishes that Ms. Condon reviewed the state record and performed legal research before deciding to file the *Anders* brief. Ms. Condon sent a copy of the brief and a copy of the trial transcript to Simmons for review and response. Simmons chose not to file any response. In Ms. Condon's brief she does

585 F.2d 95 (5th Cir.1978). Simmons then presented his claim for ineffective assistance to the Florida courts, but without success. *Simmons v. Wainwright,* 366 So.2d 897 (Fla. 2d D.C.A.1978). Thereafter, petitioner reasserted his claim in federal court.

assert as possible error the allegedly improper issuance of the search warrant and the denial of appellant's motion to suppress the line-up identification. It is clear from the record that Ms. Condon followed all the proscribed procedures set forth in the *Anders* case.

 Simmons also contends that Ms. Condon's services were ineffective because of a deficient trial record. Apparently, trial counsel did not enter into the record the allegedly deficient affidavit supporting the search warrant or the photographic array used for identification. Appellant asserts that because the record was deficient in the above-mentioned respects, Ms. Condon rendered ineffective assistance. This argument is without merit. First, in a habeas action the burden is on the petitioner to establish his claim of ineffective assistance of counsel. *Mays v. Balkcom,* 631 F.2d 48 (5th Cir.1980). Petitioner had ample opportunity to supplement the record with any relevant evidence, including the allegedly defective affidavit and array, and chose not to. Apparently this choice was made due to the realization that neither alleged error amounted to reversible error. (*See* Appellant's reply brief at 5).

Second, the absence of the affidavit and the photographic array were not the fault of Ms. Condon. Trial counsel apparently concluded there was no reason to present those documents to the trial court and accordingly, they were never introduced.

After reviewing the trial record, it is clear why Ms. Condon chose to file an *Anders* brief. The record is replete with evidence establishing sufficient probable cause to justify the issuing of a search warrant. Further, there is nothing in the record to support an argument that the line-up identification procedure was suggestive in any way. *See Stovall v. Denno,* 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199 (1967). The district court properly adopted the magistrate's report concluding that Simmons' petition be dismissed.

AFFIRMED.