ON RETURN TO REMAND
The cause presented by Carroll's appeal of the denial of his petition for writ of error coram nobis was remanded to the circuit court for an evidentiary hearing on the authority ofCarroll v. State, 468 So.2d 185 (Ala.Cr.App. 1984). This return to remand is consolidated with the appeal of the denial of Carroll's petition for writ of habeas corpus, which was filed subsequent to our remand order and was considered by the trial court during the ordered evidentiary hearing. This latter appeal is designated as 8 Div. 211. Both the habeas corpus petition and the error coram nobis petition contest the validity of Carroll's 1980 conviction for the offense of robbery, and his resulting sentence of fifteen years' imprisonment.
 I
In accordance with our order, the trial court conducted an evidentiary hearing during which Carroll refused to testify. On the issue of whether Carroll was denied his right to effective assistance of counsel on direct appeal of his conviction, the evidence showed that appointed counsel failed to file a brief on Carroll's behalf. Counsel testified that he had been retained to represent Carroll at trial, but it was his understanding that an appeal would not be taken. He explained, however, that he subsequently received notice of appointment as Carroll's appellate counsel, so he filed a notice of appeal on Carroll's behalf.[1] Counsel further stated that after searching the trial transcript two or three times, he could find no logical argument to present, so he submitted the cause on the record and advised Carroll of this action by letter. He expressed his opinion that the purpose of the appeal was to allow Carroll freedom on bond to work before beginning service of his fifteen-year sentence.
Although no brief was filed on Carroll's behalf, this court nevertheless reviewed the trial record for errors and reversed Carroll's conviction and remanded the case for a new trial.Carroll v. State, 407 So.2d 173 (Ala.Cr.App. 1981). After examining the record for errors "apparent on the record," as mandated by § 12-22-240, Code of Alabama 1975,[2] the court held that the trial court erred to reversal by refusing one of Carroll's requested jury charges. 407 So.2d at 174. The court, in addition, observed that it was "afford[ed] cause for wonder whether a reversal is for the best interest of appellant and whether his appeal was taken merely for the purpose of a delay of the execution of his sentence." Ibid. The State petitioned the Alabama Supreme Court for writ of certiorari and a brief was filed on Carroll's behalf by counsel *Page 188 
different from the original appellate counsel. The Supreme Court, after granting the State's petition, reversed and remanded the cause upon determining that the refused charge had been substantially covered in the court's oral charge.407 So.2d 177. Upon this authority, the Court of Criminal Appeals affirmed Carroll's conviction and sentence. 407 So.2d 179.
The trial court, in determining counsel to be effective, specifically found that counsel's failure to file a brief on appeal "was done only after conferring with Bruce Carroll, and that he acquiesced in the efforts of the attorneys at every stage of the trial." Carroll argues in brief, however, that the following holding of Mylar v. Alabama, 671 F.2d 1299, 1302
(11th Cir.), reh'g denied en banc, 677 F.2d 117 (1982), cert. denied, 463 U.S. 1229, 103 S.Ct. 3570, 77 L.Ed.2d 1411 (1983), controls the factual circumstances before us:
 "We hold that the failure to file a brief in a nonfrivolous appeal falls below the standard of competency expected and required of counsel in criminal cases and therefore constitutes ineffective assistance." (Footnote omitted)
We agree. It is now established that appellate counsel's failure to file a brief in support of direct appeal entitles the petitioner to reconsideration on appeal. E.g., Chappell v.State, 457 So.2d 995 (Ala.Cr.App. 1984).
Appellee contends that the qualification that the appeal be "nonfrivolous" forecloses Carroll's contention because Carroll failed to show that, but for the deficient performance by his counsel, the result of the proceeding would probably have been different. This requirement that the petitioner show actual prejudice to his cause in order to prevail on an ineffective counsel claim is set forth in Strickland v. Washington, 466 U.S. ___, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Relying on the specific language of Mylar and the Strickland requirement of a showing of prejudice, the Attorney General's argument rests upon the premise that if the appeal had been frivolous, the petitioner could not have been prejudiced and, therefore, his counsel could not have rendered ineffective assistance.
This precise argument has been foreclosed by the opinion by the Eleventh Circuit Court of Appeals in Cannon v. Berry,727 F.2d 1020 (11th Cir.) reh'g denied en banc, 732 F.2d 944 (1984). The court, in reviewing the performance of counsel who filed a brief on the day the Alabama Court of Criminal Appeals issued its decision, concluded "that Mylar v. Alabama, supra, is controlling and that Cannon need not make a showing of actual prejudice." 727 F.2d at 1025. All that need be shown is that counsel failed to submit a brief on the appellant's behalf.
Although the appellate court's reversal of Carroll's conviction indicates that the court independently deliberated Carroll's case, as recognized by the Mylar court, observance of our statutory duty did not insure Carroll a meaningful review. In relying upon Anders v. California, 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), the Mylar court explained its reasoning for this conclusion:
 "As an `active advocate', appellate counsel is duty bound to affirmatively promote his client's position before the court. Such a duty not only requires counsel to inform the court of errors committed at trial, but additionally mandates that counsel provide legal citations and reasoning to support any claim for relief. Unquestionably a brief containing legal authority and analysis assists an appellate court in providing a more thorough deliberation of an appellant's case. See Anders, supra, 386 U.S. at 745, 87 S.Ct. at 1400 (a brief would `induce the court to pursue all the more vigorously its own review because of the ready references not only to the record, but also to the legal authorities as furnished it by counsel.').
". . .
 "The mere fact that appellate courts are obligated to review the record for errors cannot be considered a substitute for the *Page 189 
legal reasoning and authority typically found in a brief." (Footnote omitted).
671 F.2d at 1301-02.
In a situation like that facing Carroll's counsel on direct appeal, where he could find no meritorious issue after diligently searching the record, counsel is bound to the following obligation set out in Anders, 386 U.S. at 744,87 S.Ct. at 1400:
 "[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses. . . ."
See also Sturdivant v. State, 460 So.2d 1210 (Ala. 1984), cert. denied, ___ U.S. ___, 105 S.Ct. 1391, 84 L.Ed.2d 781 (1985). If an attorney follows these procedures and the appeal provides no meritorious issues, then counsel has rendered effective assistance. Simmons v. Wainwright, 710 F.2d 796 (11th Cir. 1983).
In holding that Carroll's counsel rendered ineffective counsel as analyzed by the requirements of Anders and Mylar, we find apropos the following:
 "To be sure, respondent did have nominal representation when he brought this appeal. But nominal representation on an appeal as of right — like nominal representation at trial — does not suffice to render the proceedings constitutionally adequate; a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all."
Evitts v. Lucey, ___ U.S ___, ___, 105 S.Ct. 830, 836,83 L.Ed.2d 821 (1985).
 II
In his petition for writ of habeas corpus, Carroll contends that he was illegally arrested on a warrant barred by the statute of limitations and, accordingly, the trial court had no jurisdiction to adjudge him guilty.[3] As the court held inWilkie v. State, 41 Ala. App. 358, 132 So.2d 390, 391 (1961), "the aid of a writ of habeas corpus may not be invoked on the ground that the offense charged is barred by the statute of limitations."
 III
Finally, Carroll argues that the trial court erred by overruling his motion to remove counsel appointed to represent him on his error coram nobis cause. Carroll desired counsel who would subpoena a witness who would allegedly bolster his original alibi defense. This contention is without merit, for counsel in refusing to subpoena *Page 190 
the alleged alibi witness was observing the following fundamental rule: alleged newly discovered evidence which is merely cumulative in regard to issues involved in the original trial and which was not discovered in time for use on the original trial or on motion for new trial is not sufficient to grant a petition for writ of error coram nobis. Cobern v.State, 274 Ala. 354, 148 So.2d 631 (1963). Accordingly, we cannot say that counsel's decision not to subpoena the desired witness was so deficient as to fall below an objective standard of reasonableness. See Strickland v. Washington, supra. Hence, Carrol was denied no constitutional right by the court's refusal to appoint another attorney.
In conclusion, the judgment of the circuit court denying Carroll's petition for writ of habeas corpus is due to be affirmed. However, the judgment of the circuit court denying Carroll's petition for writ of error coram nobis is due to be reversed. The affirmance of Carroll's conviction in Carroll v.State, 407 So.2d 179 (Ala.Crim.App. 1981), is set aside and the appeal in that case is reinstated. Unless Carroll files with this court a motion requesting appointment of counsel, we will assume that Carroll will continue representing himself. The time for filing briefs is to begin running from the date that this decision becomes final.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART.
All Judges concur.
[1] The opinion in Carroll's direct appeal notes that "[a]bout five days [after sentencing, Carroll] filed what purports to be a pro se notice of appeal, and affidavit of indigency, and a request for a free transcript and an attorney for him on appeal." Carroll v. State, 407 So.2d 173, 174 (Ala.Cr.App. 1981).
[2] The procedural requirement that this court search the record for errors not raised on appeal was abolished by A.R.A.P. 45B, which became effective January 1, 1982.
[3] Carroll also asserts this issue in his coram nobis petition which, on original review, we deemed to be without merit. But during the hearing, Carroll framed his assertion within the allegation of ineffectiveness of counsel, claiming that his trial counsel failed to raise the argument that his prosecution was outside the statutory time limit. However, to the contrary, during the hearing and in his appellate brief, Carroll contends that counsel raised the issue in the original trial. We, too, find that the issue was raised by counsel's motion to exclude the State's evidence on the ground that the evidence would fail to sustain a conviction. This motion was interposed at the end of the State's case and again when the defense rested. (R. 148, 195) As noted in Stoner v. State, 418 So.2d 171, 177
(Ala.Cr.App.), cert. denied, 418 So.2d 184 (Ala. 1982), cert. denied, 459 U.S. 1128, 103 S.Ct. 764, 74 L.Ed.2d 978 (1983):
 "[T]his court has held that the state, as part of its burden of proof, must show that the offense was committed within the statute. If such is not shown, the state fails to make out its case. Harris v. State, 54 Ala. App. 10, 304 So.2d 252
(1974)."
Accordingly, a proper way to preserve the issue is by a motion to exclude the evidence. Lambeth v. State, 380 So.2d 925
(Ala.Cr.App. 1979), cert. denied, 380 So.2d 926 (Ala. 1980).See also Harris v. State; Presnal v. State, 23 Ala. App. 578,129 So. 480 (1930). Although it is necessary for the defendant to state his grounds upon moving to exclude the evidence, he need not specify the particular defect; it is sufficient that the defendant state the ground that the prosecution has failed to present a prima facie case. Maxwell v. City of Mobile,439 So.2d 715 (Ala. 1983). Hence, Carroll's counsel was not ineffective, for he properly raised the issue. Carroll's claim of ineffective trial counsel was properly denied.